# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | No. 1:92-cr-009-LJM-KPF-1 |
| ) | |
| MELVIN FAGAN, ) | |
| ) | |
| Defendant. ) | |

## Entry Discussing Motion for Modification of Sentence

For the reasons explained in this Entry, the defendant's motion for sentence modification is **denied**.

## Discussion

The defendant was convicted of conspiring to possess with the intent to distribute over five kilograms of cocaine and of using and carrying a firearm during and in relation to a drug trafficking crime. *U.S. v. Fagan,* 35 F.3d 1203 (7th Cir. 1994). He seeks modification of his sentence based on a "clarifying" amendment to the United States Sentencing Guidelines—Amendment 500 in particular.

The defendant has filed a motion for sentence modification pursuant to 18 U.S.C. § 3582(c). This statute permits a court to modify a sentence under certain circumstances.

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

On November 1, 1993, Amendment 500 took effect, adding an application note to the commentary of section 3B1.1. The Sentencing Commission stated that the amendment was intended to clarify the operation of the Guidelines in order to resolve a circuit split. "Specifically, while some circuits have held that control over a participant is a prerequisite to classifying a defendant as a leader, organizer, manager or supervisor under § 3B1.1, others have found that management over the property, assets or activities of a criminal activity is enough. This new note provides that an increased sentence may be warranted under either scenario." *U.S. v. Fones,* 51 F.3d 663, 668 (7th Cir. 1995).

Generally, sentencing amendments that may reduce a defendant's sentence are not applied after sentencing unless they have been designated for retroactive application. *See* U.S.S.G. § 1B1.10. Amendment 503 was not so designated. Nonetheless, amendments may be applied retroactively if they clarify the operation of the Guidelines rather than effecting a substantive change of the law. *See United States v. Colon,* 961 F.2d 41, 45 (2d Cir. 1992). That does not, however, carry the day here.

> While clarifying amendments to the Sentencing Guidelines generally are applied retroactively at initial sentencing and/or on direct appeal pursuant to U.S.S.G. § 1B1.11, the question of whether an amendment is substantive or clarifying is irrelevant to a motion under § 3582(c)(2), as such a motion may be premised only on an amendment specifically listed in U.S.S.G. § 1B1.10(c).

*U.S. v. Cordoba*, 1997 WL 12795, *2 (N.D.Ill. 1997). The Seventh Circuit has ruled on this point and has rejected the argument on which Fagan relies. *U.S. v. Jewell*, 1999 WL 1278002, *1 (7th Cir. 1999)("The characterization of an amendment as clarifying, modifying or as a substantive change does not alter the scope of § 3582.").

The defendant's motions pursuant to 18 U.S.C. § 3582 are **denied**.

**IT IS SO ORDERED.**

Date: 01/24/2012

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

**Distribution:**

**All Electronically Registered Counsel**

**Melvin Fagan**
**No. 03948-028**
**Community Corrections Office**
**1222 Spruce Street, Suite 6.101**
**St. Louis, MO 63103**